[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action by complaint returnable October 26, 1993, in which he seeks a dissolution of the parties' marriage on the ground of irretrievable breakdown, and other relief, as on file. The defendant wife appeared by counsel and filed an answer admitting all of the allegations in the complaint. In her cross complaint, she also alleged that the marriage was irretrievably broken down; she seeks a dissolution of the marriage, alimony, and other relief as on file. Both parties were represented by counsel at trial, submitted financial affidavits and testified. The defendant's two daughters from a prior marriage also testified. All statutory stays have expired and the court has jurisdiction.
From the evidence, the court finds the following facts. The plaintiff husband is 41 years old, and has finished three years of high school. Prior to the parties' marriage, he worked doing renovation and cleaning work. He injured his back in 1982, and since then, he has done `light duty' type work. He now works as an independent carrier for the local newspaper and earns approximately $265 per week net plus a gasoline allowance for his car.
The parties married November 7, 1984, in Norfolk, Virginia, and the wife's birth name was Ann Marie Carralho. The husband has lived continuously in this state for at least one year before his complaint was filed. There are no minor children issue of this marriage and none were born to the wife since the date of the marriage. Neither party is a recipient of public assistance, and this marriage is the second for both. Their first marriages ended in divorce.
The husband lives in a two-family type house owned by his elderly father who also resides there with his disabled adult daughter. The husband pays no rent, and the wife also resided there from before the marriage, with her two daughters. The older daughter left shortly after the marriage; the younger departed in 1989. The husband claims the marriage broke down in 1989, when the wife left to care for and be with her children. After 1989, the parties separated often, the wife leaving the family home for months at a time, to reside in Fall River, Massachusetts, where she originally was from. In fact, she reported in her disclosure CT Page 5086 responses that she has resided in Fall River since 1989.
The wife now lives with one of her daughters in Fall River. She had a nervous breakdown in the fall of 1993, but has not worked since March, 1993. She claims to be wholly supported by her daughters. The wife is 40 years old and has three years of high school.
She worked as a waitress and in catering jobs and earned net pay of between $200 and $300 per week. She also did housework in the family home and assisted with the care of the husband's father and sister. There was no medical testimony as to the extent of the wife's mental illness, her prognosis for recovery or whether she is unable to work, although she claims to be treating with two psychiatrists.[1]
The wife claims the husband abused alcohol throughout their time together and was violent and threatened her. He denies the violence and threats; although he admits drinking alcohol, he claims to have stopped two years ago.
On the state of this evidence, and the credibility of the witnesses, the court is unable to determine which spouse bore the greater share of the responsibility for the breakdown of the marriage; the court concludes, however, that the marriage has irretrievably broken down.
The parties have minimal assets, as reported on their financial affidavits. The husband, a 1989 Ford automobile with no equity, some miscellaneous furniture and personal property he values at $5,000 and bank accounts which total $211. The wife reports a 1988 Hyundai automobile having an equity of $2,200, and no other assets, although, when she left the family home, she took furniture, furnishings and other personal property. The omission of this property on her financial affidavit is at variance with her disclosure responses. Also, she reports $323 in weekly living expenses on her affidavit, which she does not currently incur or pay. These inaccuracies cast grave doubt on the remainder of her testimony.
Against the parties' reported assets, they appear to have minimal debts; the wife $500 to her daughter, the husband, $439 in miscellaneous bills. Although the wife is not employed at this time, it appears that the parties are on a par with their employability, vocational skills, occupations, station and the CT Page 5087 opportunity of each to acquire future capital assets and income.
The court also finds that even though the wife's expenses are overstated, she does need some assistance to meet her weekly needs. The court must also consider the husband's ability to pay.
Having considered the evidence and findings in the light of the criteria in General Statutes § 46b-81 and 46b-82, the court orders as follows:
(1) A decree dissolving the marriage shall enter on the ground of irretrievable breakdown.
(2) The plaintiff husband shall pay the wife as pereiodic [periodic] alimony the sum of $25 per week commencing forthwith, for a period of two and one-half years, which shall terminate upon the death of either party, the wife's remarriage or pursuant to the provisions of General Statutes § 46b-86(b).
(3) Each party shall pay his or her own attorney's fees. The court cannot find that the failure to award attorney's fees would undermine the other orders.
(4) Each shall take, have and own, free of the claims of the other, the personal property in his or her possession.
(5) Each shall be liable for the debts shown on their respective financial affidavits.
Teller, J.